**Bernard GORSTEIN, Plaintiff—Appellant,**

v.

**WORLD SAVINGS BANK; et al., Defendants—Appellees.**

No. 01–56605.

D.C. No. CV–01–02682–NM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 19, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM**

Bernard Gorstein appeals pro se the district court's judgment dismissing his action alleging that World Savings Bank and its officers and employees violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Title VII, wrongfully deprived him of his Social Security Benefits, and committed various torts in connection with administering Gorstein's bank accounts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissal for failure to state a claim, *see TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999), and we reverse and remand.

"A dismissal for failure to state a claim is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 923 (9th Cir.2001)(quotations omitted). It is conceivable that Gorstein could allege facts constituting a federal claim. *Cf. Lopez v. Washington Mutual Bank, FA,* 302 F.3d 900, at ———— (9th Cir.2002) (holding that a bank does not violate 42 U.S.C. § 407(a) when it automatically applies social security funds to a debt so long as the social security recipient voluntarily agreed to directly deposit his social security funds into the account with knowledge that the funds would be applied in such a fashion).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

We therefore reverse and remand for the district court to permit Gorstein an opportunity to amend his complaint.

Gorstein's motion to file a late reply brief is granted. The clerk shall file the reply brief received on June 11, 2002.

**REVERSED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.